IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JOHNATHAN LOTT**,

    **Plaintiff,**

vs.                                                                **CIVIL ACTION NO. 2:25-CV-00413**

**BRITTANY DRAIN,**
**WOOD COUNTY CHILD PROTECTIVE SERVICES,**
**JOHN AND JANE DOES 1 -5**,

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, filed on July 3, 2025. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### Plaintiff's Allegations

On July 3, 2025, the Plaintiff filed his Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983, and asserts this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343 (ECF No. 2). The Plaintiff names the following Defendants: Brittany

---

[1] Because the Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

Drain, "is/was employed by Wood County Child Protective Services" and is sued in her individual and official capacities; Wood County Child Protective Services (CPS), "a governmental entity responsible for the investigation and placement of children under state custody"; and John and Jane Does 1 – 5 "unknown individuals working for or supervising CPS who participated in the acts described" herein. The Plaintiff states that he has been involved in Child Protective Services (CPS) proceedings involving his minor child, and that the Defendants placed his minor child with certain individuals that the Plaintiff asserts have a history of abuse and endangering behavior. The Plaintiff complains that the Defendants refused to "correct the placement or return" of his minor child, causing him emotional trauma and financial strain. He asserts a violation to his First Amendment right to the extent that the Defendants retaliated against him by placing his minor child "in a dangerous home to punish or intimate [the Plaintiff] because he reported CPS misconduct. The Plaintiff also alleges violation of his Fourteenth Amendment right to due process by taking custody of his minor child and violating the Plaintiff's right to "familial integrity and safety." Finally, the Plaintiff alleges a violation of his Sixth Amendment right to an attorney because the "Defendants disregarded Plaintiff stating he has an attorney and proceeded to threaten to take action against him." The Plaintiff prays this Court order an immediate return of his minor child to his custody or compel a reunification hearing; an award of compensatory and punitive damages; and grant injunctive relief for further retaliation or "harmful placements"; and his costs and fees.

## The Standard

Because the Plaintiff applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*,

Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in

---

[2] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

3

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

**Analysis**

Lack of Subject Matter Jurisdiction:

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1343 provides that the district courts shall have original jurisdiction of any civil actions: (1) to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or

immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (4) to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

First, while the Plaintiff's Complaint raised a question of "federal law" to invoke jurisdiction under Section 1331, it is notable that the Plaintiff also asserts federal court jurisdiction pursuant to Sections1343, the Court cannot consider the Plaintiff's claims even under its supplemental jurisdiction because he has failed to state any other claim for which relief can be granted over which the Court has original jurisdiction for the reasons set forth, *infra*.[3]

Rule 8 of the Federal Rules of Civil Procedure:

The Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this case, the Plaintiff's claims do not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed the Plaintiff's allegations, it is clear that he is suing an agent(s) of the Child Protective Services division of the

---

[3] The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citation omitted).

West Virginia Department of Health and Human Resources in an abuse and neglect proceeding[4] in the Circuit Court of Wood County, West Virginia. There is no indication that the civil proceedings have concluded, but the allegations strongly suggest that these matters remain pending. Regardless, the Plaintiff only provides "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556. In this case, the Plaintiff fails to allege sufficient actual support for the misconduct by either Defendant entitling them to relief, and their Complaint is not salvageable even if permitted to amend them in the spirit of Denton v. Hernandez, *supra*.

Younger-Abstention Doctrine:

As noted *supra*, based on the Plaintiff's own allegations, the proceedings involved a State court abuse and neglect proceeding, therefore this Court should abstain from exercising subject matter jurisdiction over these claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been

---

[4] Pursuant to W. Va. Code § 49-4-601, *et seq*.

or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates an important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention has been extended to civil litigation brought by the state to vindicate its policies. Huffman v. Pursue, Ltd., 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. Moore, 442 U.S. at 423, 99 S.Ct. 2371 (applying Younger to state-initiated custody litigation).

The undersigned finds that the Younger abstention doctrine applies in the instant case, as there is no indication from Plaintiff's claims that the State-initiated proceedings have concluded. Further, the Plaintiff provides no grounds that support any of the enumerated Nivens exceptions

to the Younger mandate: he fails to show improper prosecution against him in State court, or provide facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception – the Plaintiff merely relies on conclusory allegations that warrants dismissal.

Domestic Relations Exception:

Alternatively, the undersigned finds that the "domestic relations exception" to federal jurisdiction may also apply to the Plaintiff's claims to the extent that he is asking this Court to invalidate a State court's order regarding the removal of his minor child or to "compel a reunification hearing" (see ECF No. 2 at 3, ¶ V. A.), i.e., a child custody decree. See Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Barber v. Barber, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In Ankenbrandt, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 703-704, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. As stated *supra*, the Plaintiff takes issue with having his minor child being removed from his custody and placed with others, ostensibly due to a Wood County Circuit Court order commanding same. Although he raises claims of "due process" and violation of parental rights, he is clearly

8

asking this Court to invalidate a State court order.[5] Accordingly, the undersigned recommends that the District Court invoke the domestic exception and dismiss the case for lack of subject matter jurisdiction.

Legal Immunities:

As stated above, the Plaintiff's *de minimis* factual allegations against these Defendants fail to state a claim against them upon which relief can be granted. Additionally, it would appear that these Defendants also enjoy at least qualified immunity from the Plaintiff's claims. Qualified immunity shields public officials from personal liability for performance of their official duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S.

---

[5] Indeed, to the extent the Plaintiff attempts to appeal the State court decision to remove his minor child from his home, such attempts are preluded under the Rooker-Feldman doctrine: lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). Here, there is no indication the Plaintiff has appealed any Wood County Circuit Court decision to the West Virginia Supreme Court of Appeals.

9

824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995). The Fourth Circuit has held that social workers may assert qualified immunity in appropriate circumstances. See Hodge v. Jones, 31 F.3d 157, 162 (4th Cir. 1994) (citing Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993)), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).

Though the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process", this is "neither absolute nor unqualified." See Hodge, 31 F.3d at 163. Further, it is also known that a state has a legitimate interest in protecting children from abuse and neglect and investigating situations that give rise to abuse and neglect. See Renn v. Garrison, 100 F.3d 344, 349-350 (4th Cir. 1996). The "right to familial integrity is 'amorphous' in many cases" Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 506 (4th Cir. 2003) (quoting Hodge, 31 F.3d at 164), "[t]he contours of the right to familial integrity may not be 'sufficiently clear' in certain situations, to be deemed 'clearly established' as required." Id. (citing Renn, 100 F.3d at 349)(internal citations omitted). Therefore, a public official will not be held liable for "bad guesses in gray areas" where parental rights are concerned. Id. (*quoting* Maciariello v. City of Lancaster, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1048, 122 L.E.2d 356 (1993).

As noted *supra*, the Plaintiff has provided no facts whatsoever against Defendant Drain (or the other Defendants for that matter): there are no allegations this Defendant engaged in any intentional misconduct, let alone negligent conduct, resulting in the removal of the Plaintiff's minor child from his home, thus, the Plaintiff's Section 1983 claim against this Defendant fails, as she is entitled to qualified immunity. See, generally, Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 507 (4th Cir. 2003).

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** the Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: July 15, 2025.



Omar J. Aboulhosn
United States Magistrate Judge